# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Latonjuana O'Bryant**                                                                       **Plaintiff**
o/b/o D.K.K.[1]

**No. 5:13-CV-338-KGB-JTR**

**Carolyn W. Colvin, Acting Commissioner,**                          **Defendant**
**Social Security Administration**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[2] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[3] If no objections are filed,

---

[1] The initials D.K.K. flow from the complaint, but the pleadings show the child's initials are actually D.D.K. The difference in the initials reflected in the complaint and the child's actual initials have no bearing on the result in this case.

[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[3] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

## Reasoning for Recommended Disposition

This order addresses the Commissioner's Motion to Dismiss.[4] In the Motion, the Commissioner argues that Plaintiff, Latonjuana O'Bryant, filed this case too late and asked the Court to dismiss the case as time-barred. O'Bryant filed this case to seek judicial review of the decision denying her application for supplemental security income (SSI) on behalf of her child, D.K.K.[5] This order explains why the Commissioner's Motion should be denied.

**Applicable legal principles**. The law permits a SSI claimant to seek judicial

---

[4]Docket entry # 7. The Commissioner argues that O'Bryant's Complaint is untimely, and that therefore she has failed to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at p. 7. However, the Commissioner has attached an Affidavit and several documents to her Motion. Docket entries # 7-1 through # 7-5. Likewise, O'Bryant's Response relies on an Affidavit and numerous documents. Docket entries # 8-1 through # 8-14.

Because both parties clearly intend for the Court to consider evidence they have submitted that is outside of the pleadings, the Court will construe the Commissioner's Motion to Dismiss as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. *See George v. City of St. Louis*, 26 F.3d 55, 57 (8th Cir. 1994) (holding that the District Court was not required to give notice to the parties of the conversion of a Motion to Dismiss to a Motion for Summary Judgment where the parties "submitted to the Court matters outside the pleadings, knowing that the Court would consider such matters").

[5]Docket entry # 1 (seeking to proceed without paying costs).

review of an unfavorable decision by filing a civil action within 60 days of the mailing of a final decision.[6] Under the Commissioner's regulations, a decision is "mailed" for the purpose of the 60-day filing requirement on the date the claimant receives notice that the Appeals Council denied a request for review.[7] A person is presumed to have received notice 5 days after the notice is mailed.[8] If a claimant files her civil case outside the 60-day filing period in the absence of tolling, the case is time-barred.[9]

**Legal principles applied to this case**. The decision challenged in this case became final on August 23, 2013, when the Commissioner's Appeals Council denied

---

[6]42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.").

[7]20 C.F.R. § 422.2110(c) ("[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

[8]20 C.F.R. § 404.901 ("*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.") & § 422.210(c) ("a civil action under section 205(g) of the Act must be commenced within 60 days after the date the individual receives notice.").

[9]*Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (60-day filing requirement acts as a statute of limitations). *See Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987) ("[T]imely filing requirement is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled.").

O'Bryant's request for review.[10] The Commissioner attested that the notice was mailed to O'Bryant and her attorney on August 23, 2013.[11] The notice advised O'Bryant about the need to file a civil case within 60 days. O'Bryant attested that she received notice on August 29, 2013.[12] Under the applicable legal principles, O'Bryant had to commence this action by October 28, 2013 to be timely. O'Bryant's case was filed on October 29, 2013, one day after the 60-day filing period.[13]

**O'Bryant's argument for tolling**. O'Bryant responded to the Commissioner's Motion by asking the court to equitably toll the 60-day filing period.[14] According to O'Bryant, equitable tolling is appropriate under the facts of her case. The challenged decision was issued on August 3, 2009.[15] O'Bryant obtained the agency record and asked the Appeals Council to review the decision on October 2, 2009.[16] O'Bryant submitted an appeals brief and new evidence on March 30, 2010.[17] The new evidence

---

[10] Docket entry # 7, declaration, ex. 4 (notice of appeals council action).

[11] Docket entry # 7, declaration, pp. 3-4.

[12] Docket entry # 8, declaration ¶ 18.

[13] Docket entry # 1.

[14] Docket entry # 8.

[15] Docket entry # 7, declaration, ex. 1

[16] Docket entry # 8, declaration, ex. 1, p. 4.

[17] Docket entry # 8, declaration, ex. 7.

4

included a letter from D.K.K.'s school, indicating D.K.K. was considered obese as of December 1, 2009,[18] a date outside the time period for which benefits were denied. As a basis for review, O'Bryant complained that the ALJ failed to consider obesity. On October 27, 2010, the Appeals Council denied review, but failed to mention the new evidence.[19] On December 16, 2010, O'Bryant asked the Appeals Council to vacate its notice and consider her new evidence.[20]

According to O'Bryant, two and a half years later, she discovered her request was not pending before the Appeals Council.[21] By that time, she had filed a second application.[22] O'Bryant resubmitted her brief and new evidence twice more.[23] On August 23, 2013, the Appeals Council granted O'Bryant's request for review, vacated the earlier notice denying review, considered the new evidence, and denied review.[24] O'Bryant received the notice on August 29, 2013, thus triggering the 60-day filing

---

[18]Docket entry # 8, declaration, ex. 7, p. 6.

[19]Docket entry # 8, declaration, ex. 8.

[20]Docket entry # 8, declaration, ex 9, p. 2.

[21]Docket entry # 8, declaration ¶ 14 (attesting that declarant learned on July 3, 2013, that nothing was pending before Appeals Council).

[22]Docket entry # 8, declaration, ¶ 14.

[23]Docket entry # 8, declaration, exs. 10 & 11.

[24]Docket entry # 8, declaration, ex. 12.

period.

The dispositive issue is whether equitable circumstances exist for tolling the 60-day filing period. O'Bryant relies on mailing time. She presented evidence — a U.S. Postal Service (USPS) Track and Confirm email — showing she mailed her Complaint by USPS certified mail on Tuesday October 22, 2013 from Fayetteville, Arkansas, six days before the six-day filing period expired on Monday October 28, 2013.[25] According to the USPS Track and Confirm email, the Complaint then: (1) arrived in Little Rock the next day, on Wednesday October 23, 2013, and was processed through a "USPS Sort Facility" at Little Rock zip code 72231; (2) was next processed through a different "USPS Sort Facility" at Little Rock zip code 72231 on Thursday October 24, 2013; (3) "Arrived at [USPS] Unit" on Saturday October 26, 2013, at Little Rock zip code 72202; and (4) was delivered on Tuesday October 29, 2013.[26] According to O'Bryant, the equitable balance between the almost-four-year delay in obtaining a final decision and "the delay of a few hours" in filing justifies tolling.

**Analysis of equitable tolling.** The Supreme Court has recognized that "while in most cases the Secretary will make the determination whether it is proper to extend

---

[25]Docket entry # 8, declaration, ex. 13.

[26]Docket entry #8-14.

the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (internal quotations); *see also Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994) ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (*quoting Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The mere fact that O'Bryant filed her Complaint one day late certainly does *not*, in and of itself, warrant equitable tolling. *See e.g. Cook v. Commissioner*, 480 F.3d 432, 437 (6th Cir. 2007) ("Although allowing [the claimant] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."). However, in this case, the facts surrounding the long delay between the

time O'Bryant's lawyer mailed the Complaint for filing and the time it was received by the Clerk of Court are both *mystifying* and *extraordinary*. O'Bryant's lawyer mailed the Complaint, via certified mail, eight days before the expiration of the sixty-day filing period. This cannot be fairly characterized as an "eleventh hour" filing. Moreover, any reasonably diligent Arkansas lawyer would assume that a pleading mailed from Fayetteville, on October 22, would be delivered to the Clerk's Office in Little Rock *several days before* October 28. In fact, the Complaint was delivered to a USPS facility in Little Rock *the very next day*, on October 23. For reasons that are utterly unclear, *the Complaint remained in USPS custody in Little Rock for six more days,* until it was delivered to the Clerk on October 29.

While O'Bryant's lawyer could have been more diligent in following up to ensure that the Complaint had been timely received and filed by the Clerk, the Court is satisfied that the equities presented by the specific facts in this case warrant equitable tolling. *See e.g. Paris v. Commissioner*, 2013 WL 1759566 (E.D. Tenn. Mar. 29, 2013) (applying equitable tolling where the plaintiff's lawyer mailed the complaint from Nashville, Tennessee, to Chattanooga, Tennessee via certified mail seven days before the expiration of the deadline and it "inexplicably was not received by the Court until 21 days after it was mailed" — "[21 days] is an extraordinary amount of time for a piece of mail to travel from Nashville, Tennessee to Chattanooga,

Tennessee. It is unclear how or why this happened but, in any event, it does constitute extraordinary circumstances which warrant the application of equitable tolling principles.").

## Conclusion and Recommendation

For the foregoing reasons, the Court recommends that the Commissioner's Motion to Dismiss (docket entry # 7), construed as a Motion for Summary Judgment, be DENIED. The Court further recommends that the Commissioner file an Answer within fourteen days of the entry of an Order adopting this Recommended Disposition.

Dated this 19th day of June, 2015.

_____
United States Magistrate Judge