# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**Latonjuana O'Bryant**                                                     **Plaintiff**
**o/b/o D.K.K.[1]**

### No. 5:13CV00338 KGB-JTR

**Carolyn W. Colvin, Acting Commissioner,**                      **Defendant**
**Social Security Administration**

### Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[2]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[3]  If no objections are filed,

---

[1]The initials D.K.K. flow from the complaint, but the pleadings show the child's initials are actually D.D.K.  The difference in the initials has no bearing on the result.

[2]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[3]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

## Reasoning for Recommended Disposition

Latonjuana O'Bryant appeals the denial of her application for child supplemental security income (SSI) for her daughter D.K.K.[4]  The application was triggered by a diagnosis of diabetes.[5]  O'Bryant claims D.K.K. has been disabled since the diagnosis.

**The Commissioner's decision**.   After considering the application, the Commissioner's ALJ identified insulin dependent diabetes mellitus as a severe impairment.[6]  The ALJ determined D.K.K. lacked an "extreme" limitation in one of six specified functional domains, or a "marked" limitation in at least two domains.[7] The ALJ concluded that D.K.K. was not disabled and denied the application.[8]

---

[4]SSA record at p. 181 (applying on Apr. 23, 2007 and alleging disability beginning Mar. 30, 2007).

[5]*Id*. at p. 318 (discharge summary identifying principal diagnosis as diabetes).

[6]*Id*. at p. 57.

[7]*Id*. at pp. 59-64 (finding no limitation in domains of acquiring and using information, attending and completing tasks, and health and well-being; a less than marked limitation in domains of moving about and manipulating tasks and ability to care for self; and a marked limitation in domain of interacting and relating to others).

[8]*Id*. at p. 64.

After the Commissioner's Appeals Council denied a request for review,[9] the ALJ's decision became a final decision for judicial review.[10]  O'Bryant filed this case to challenge the decision.[11]   In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**O'Bryant's argument**.  O'Bryant claims the ALJ erred by not identifying obesity as a severe impairment.  She maintains D.K.K. functionally equals a listed impairment, ostensibly because D.K.K. has a marked limitation in health and well-being.  For these reasons, she contends substantial evidence does not support the ALJ's decision.[13]

---

[9]*Id.* at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (explaining that the court will uphold the decision if it lacks legal error and is supported by substantial evidence).

[13]Docket entry # 16.

**Applicable legal principles.**  At step three of the disability-determination process, the ALJ must determine whether a child's impairment meets or medically equals the severity requirements for a listed impairment.[14]  O'Bryant did not identify a listing, but diabetes mellitus implicates listing 109.08.  The listing applies to children under age 6 who require daily insulin.[15]  Because D.K.K. was diagnosed with insulin dependent diabetes at age 9, she cannot meet or medically equal the listing, but she might functionally equal the listing.  To functionally meet the listing, diabetes must cause an "extreme" limitation in one domain or a "marked" limitation in at least two domains.[16]  The only domain at issue in this case is the domain of health and well-being.

**The evidence shows no marked limitation in health and physical well-being**.  The domain of health and physical well-being considers the cumulative effects of a child's physical or mental impairments and their associated treatments or therapies on the child's functioning.[17]  The ALJ found that D.K.K. has no limitation

---

[14]20 C.F.R. § 416.924(d).

[15]20 C.F.R. pt. 404, subpt. P, app. 2, § 109.08.

[16]20 C.F.R. § 416.926a(a).

[17]20 C.F.R. § 416.926a(l).

in this domain,[18] but O'Bryant suggests D.K.K. has a marked limitation.

A marked limitation exists if the child's impairment seriously interferes with her ability to independently initiate, sustain, or complete activities.[19] For the domain of health and well-being, a child may have a marked limitation if she is frequently ill or has frequent exacerbations of her impairment that result in significant, documented symptoms or signs.[20]

The evidence shows D.K.K. independently initiated, sustained, and completed activities. The evidence shows no frequent illness or frequent exacerbations of diabetes. Emotionally, D.K.K. had a difficult time accepting her diagnosis and adjusting to its life-long consequences,[21] but with daily insulin, diet modification, blood sugar monitoring, and O'Bryant's help, she had an otherwise normal life and

---

[18]SSA record at p. 64.

[19]20 C.F.R. § 416.926a(e)(2).

[20]20 C.F.R. § 416.926a(e)(4).

[21]SSA record at p. 310 (May 2, 2007: per social worker, child seems unable to grasp the depth of her diagnosis and required changes), p. 276 (Oct. 3, 2007: per school nurse, she is very self-conscious of her diagnosis and uncomfortable with monitoring food intake  for determining insulin dosage), p. 361 (Jan. 9, 2008: per social worker, child still seems unable to grasp depth of her diagnosis) &  p. 82 (July 7, 2009: per mother, child hates having diabetes; she's tired of pricking her finger).

did well in school.[22]  She had problems interacting with others[23] — perhaps due to

adjusting to required life style changes — but the ALJ accounted for those problems

by finding a marked limitation in the domain of interacting and relating to others.[24]

    D.K.K. saw a diabetes specialist on a regular basis.[25]  She went to the

emergency room once for vomiting.[26]  Other than that occasion, her A1C levels

remained near target level.[27]  Her doctor characterized diabetes as controlled.[28]

According to agency medical experts, D.K.K.'s diabetes does not functionally meet

a listing.[29]  Under these circumstances, a reasonable mind will accept the evidence as

adequate to support the determination that diabetes resulted in no marked limitation

---

[22]*Id*. at pp. 69-70 (she makes As and Bs, but some Cs in social studies, no resource classes), p. 74 (she can play soccer and dodge ball, but sometimes gets foot cramp) & pp. 257-58 (no problems in acquiring and using information or in attending or completing tasks).

[23]*Id*. at p. 259 (per teacher, child has problems interacting and relating to others, she's very stubborn and defensive, receives help from counselor and mother).

[24]*Id*. at p. 61.

[25]*Id*. at p. 343 (May 2, 2007), p. 338 (June 20, 2007), p. 338 (June 20, 2007), p. 373 (indicating child was seen on Oct. 17, 2007) & p. 373 (Apr. 23, 2008).

[26]*Id*. at p. 333.

[27]*Id*. at p. 340 (June 20, 2007: 8.7) & p. 367 (Jan. 9, 2008: 8.9).

[28]*Id*. at p. 340.

[29]*Id*. at pp. 320 & 352.

in health and well-being.

      **Evidence of obesity wasn't before the ALJ**.  The only evidence suggesting obesity was a letter from D.K.K.'s school.  The letter advised that D.K.K.'s body mass index suggested she was overweight and recommended discussing the issue with D.K.K.'s doctor.[30]  The school sent O'Bryant a similar letter seven months after the decision indicating D.K.K. is obese,[31] but that evidence does not bear on the time period for which benefits were denied.  The ALJ did not err by not identifying obesity as a severe impairment.

## Conclusion and Recommendation

      Substantial evidence supports the decision that D.K.K. was not disabled from the application date to the date of the unfavorable decision, because the evidence establishes no extreme limitation in one domain or a marked limitation in two domains.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING the request for relief (docket entry # 2) and AFFIRMING the decision denying the application.

---

[30]*Id*. at p. 254.

[31]*Id*. at p. 18.

Dated this 21st day of April, 2016.

United States Magistrate Judge